IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOE B. BUTLER, JR.                                                    PETITIONER
Reg. #14225-076

V.                            NO.  2:10-cv-00166 SWW-JWC

T.C. OUTLAW, Warden,                                                 RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3.      An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Joe B. Butler, Jr., an inmate at the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1). Respondent has filed a response (doc. 4), to which Petitioner replied (doc. 7).  For the reasons that follow, the petition should be **denied**.

I.

Petitioner is serving a 120-month sentence in federal prison for being a felon in possession of a firearm, arising out of the United States District Court for the Western District of Tennessee.  He alleges that the Bureau of Prisons (BOP) has improperly determined the starting date for his federal sentence and has improperly denied him credit on the sentence for the period he served in state custody from February 22, 1996, to August 12, 2007.

2

The following facts are undisputed.  In May 1989, Petitioner received a fifteen-year sentence on state charges from Shelby County, Tennessee.  He was later released on parole but, on January 12, 1993, was arrested by state law enforcement officials on various charges, including kidnapping, robbery and parole violation.  His parole was revoked on April 15, 1993, and he was sentenced to serve the remainder of his Shelby County sentence.  (*See* Pet'r Ex. C, E & Q [doc. 1, at 32-33, 35, 77]; Ray Decl. ¶¶ 1-2 & att. 2 [doc. 4-1, at 1, 10].[1])

On May 26, 1993, he was transferred to the physical custody of the United States Marshals Service (USMS) pursuant to a writ of habeas corpus *ad prosequendum* for prosecution and sentencing on a federal felon-in-possession charge in the Tennessee federal district court.  (*See* Pet'r Ex. Q [doc. 1, at 77]; Ray Decl. ¶ 3 & att. 3[2] [doc. 4-1, at 1, 12-13].)  Following entry of a guilty plea, he was convicted of the charge and was sentenced, by judgment entered on December 22, 1993, to 120 months of imprisonment in BOP custody.  (Ray Decl. att. 4 [doc. 4-1, at 15-17].)  The judgment states that the federal imprisonment term is "to run consecutively to the undischarged prison term [he is] now serving."  (*Id.* at 16.)  At that time, Petitioner's only "undischarged" term was the state sentence from Shelby County, Tennessee.  The federal judgment does not address whether the federal sentence was to run concurrent with or consecutive to any sentence a state court might impose in the future or on any outstanding state charges.

---

[1]This is the declaration of Alan Ray, a management analyst at the BOP's Designation and Sentence Computation Center, along with several attachments.

[2]Attachment 3 is a USMS prisoner tracking report.

Following his federal sentencing, Petitioner was returned to state authorities, and a federal detainer was lodged.  (*Id.* att. 3 [doc. 4-1, at 13]; Pet'r Ex. Q [doc. 1, at 80].)  He was subsequently convicted in state court in Tipton County, Tennessee, of multiple state charges stemming from his January 1993 arrest.  On February 22, 1994, he pleaded guilty to those charges and was sentenced to an aggregate imprisonment term of thirty years. (Pet'r Ex. B [doc. 1, at 20-31].)[3]  The judgments state that the Tipton County sentences are to run concurrent with each other and with "all federal time."  (*Id.* at 25.)  Because the offenses were committed while Petitioner was on parole on the Shelby County sentence, state law required that the new Tipton County sentence be served consecutively to the Shelby County sentence.  *See* Tenn. R. Crim. P. 32(c)(3); *see also* Pet'r Ex. E [doc. 1, at 35].

The Tennessee Board of Paroles later exercised its discretionary authority to allow Petitioner to begin serving the Tipton County sentence before expiration of the Shelby County sentence, determining that service of his thirty-year Tipton County sentence would begin on February 22, 1996.  At this time, Petitioner began serving both the Tipton County and Shelby County sentences in state custody.  (Pet'r Ex. E [doc. 1, at 35-36]; Ray Decl., att. 6 [doc. 4-1, at 21].)  The records indicate that the Shelby County sentence expired

---

[3]The convictions were in two Tipton County cases, No. 2490 and No. 2538, and were for two counts of aggravated burglary (ten years each), five counts of theft (eight years on four counts; four years on one), one count of aggravated assault (ten years), one count of especially aggravated kidnapping (thirty years), one count of aggravated robbery (fifteen years), and two counts of contraband in a penal institution (ten years each).

sometime in 2000,[4] and Petitioner stayed in state custody, serving the remainder of the Tipton County sentence.

On August 13, 2007, Petitioner was released from Tennessee state officials to the custody of the USMS. The BOP computed his 120-month federal sentence as commencing on this date, with a projected release date of April 29, 2016, and no credit for any prior time served. (Ray Decl., att. 3 & 7 [doc. 4-1, at 10, 23-24]; *see* Pet'r Ex. Q [doc. 1, at 77].).

In August 2008, Petitioner initiated a 28 U.S.C. § 2241 petition in this Court, asserting that the BOP was improperly calculating his federal sentence. *Butler v. Outlaw*, No. 2:08-cv-00157-SWW-JWC. He contended that, because the federal court ordered his federal sentence to be consecutive to the Shelby County state sentence, the federal sentence commenced on February 22, 1996, when he was "paroled from" the Shelby County sentence and began serving the Tipton County sentence in state custody. He contended that the Tipton County sentence was running concurrently with his federal sentence, as had been directed by the Tipton County judgments. Alternatively, he said he began serving his federal sentence on January 4, 2000, when the Shelby County sentence expired while he was still in state custody. He says his sentences "should have been served in the judicial order they were pronounced," *i.e.*, first the Shelby County sentence in state custody, then transferred to federal custody to serve the 120-month federal sentence concurrently with the thirty-year Tipton County sentence, then any remaining time back in state custody on the Tipton County sentence.

_____

[4]Petitioner consistently states this date as January 4, 2000, although some references in the record state it as August 7, 2000 (*see* doc. 1, at 5-6, 10-11, 15, 32, 35, 55).

In response to Petitioner's § 2241 petition, the BOP's Designation and Sentence Computation Center contacted the Tennessee federal district court which sentenced Petitioner, asking its position on a "retroactive" designation of the State of Tennessee as the place for service of his federal sentence concurrently with the Tipton County state sentence, thus commencing both the federal sentence and the Tipton County sentence upon expiration of the Shelby County parole-violation sentence in February 1996. The federal sentencing court responded that it "does not endorse a concurrent sentence in this matter." The court stated that the federal judgment was "silent" as to whether the federal sentence would be served concurrently to a yet-to-be imposed state sentence, which "means a consecutive sentence" and it saw "no reason to offer unusual relief in this case." (Ray Decl., att. 9 [doc. 4-1, at 28-29].)

Because Petitioner had not completely and properly exhausted the BOP's administrative remedies regarding the issue, the § 2241 petition was denied without prejudice to refiling after administrative exhaustion. *Butler v. Outlaw*, No. 2:08-cv-00157-SWW-JWC, 2009 WL 563898 (E.D. Ark. Mar. 4, 2009), *aff'd*, 358 F. App'x 775 (8th Cir. 2010). Petitioner then sought relief through the BOP's administrative remedy program. (Pet'r Ex. Q [doc. 1, at 68-80].)[5] Relief was denied at each level, with the National Inmate Appeals administrator issuing the following final decision on August 17, 2010:

> You request that all time spent serving your 30-year state sentence be credited toward your current federal sentence (a *nunc pro tunc* designation). You further indicate the state court ordered the 30-year sentence to run concurrent to the federal sentence.

---

[5]This exhibit contains documentation of Petitioner's administrative submissions and the BOP's responses.

At the time your federal sentence was imposed, you were serving a state parole violation term.  The U.S. Marshals Service temporarily borrowed you from state authorities via federal writ.  On December 10, 1993, you were sentenced in federal court to a 120-month federal term of confinement which was ordered to run consecutive to the undischarged prison term you were serving.  You were returned to state authorities to complete your sentence and a detainer was lodged.  Prior to completing the state violation term, you received additional state sentences.  Although you completed your state violation term on February 22, [1996], you remained in state custody until you had satisfied the additional state sentences.  You believe your federal sentence should have been calculated to begin upon completion of the parole violation term in February [1996].  Instead, the 120-month federal term was calculated to begin on August 13, 2007, after all state obligations were satisfied.

Your appeal was reviewed for a nunc pro tunc designation in accordance with the factors provided in Title 18 U.S.C. § 3621(b).  Your current and criminal histories were considered.  This included, but was not limited to the following offenses: Felon in Possession of a Firearm, Aggravated Kidnaping, Aggravated Robbery, Escape, Burglary III, Stolen Property and Resisting Arrest.  The federal J&C was reviewed which indicated the federal sentence [was to] be served consecutive to the state sentence you were serving but was silent to any future sentence which might be imposed.  Therefore, the federal sentencing court was contacted with regard to its intent and responded that the court did not endorse a concurrent sentence.

With regard to your claim the state court ordered your 30-year sentence to run concurrent to your federal sentence, the Bureau of Prisons is under no obligation to honor the state court's order, particularly where the federal sentencing judge has indicated that the federal sentence should not be served concurrent.

Based on the above review, it has been determined that your case is not appropriate for a nunc pro tunc designation.

(*Id.* at 80.)  Respondent concedes that Petitioner has completed the BOP's administrative

remedy process regarding the issues raised here.  (Ray Decl. at 4 [doc. 4-1, at 4].)

Petitioner then filed this 28 U.S.C. § 2241 petition, re-asserting his arguments

regarding calculation of his federal sentence.  As relief, he asks this Court: (1) to issue a

*nunc pro tunc* order designating the Tennessee state prison as the place for serving his

federal sentence, and (2) to order that his 120-month federal sentence started when he was "paroled" from the Shelby County sentence on February 22, 1996, or when the Shelby County sentence expired on January 4, 2000, which would result in his being released immediately from imprisonment.

## II.

By statute, a federal sentence "commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  The BOP is responsible for designating where the sentence will be served and can designate "any available penal or correctional facility that meets minimum standards ... whether maintained by the Federal Government or otherwise ... that the [BOP] determines to be appropriate and suitable."  *Id.* § 3621(b).  This statute vests the BOP with "broad discretion" to choose the location of a federal defendant's imprisonment, so long as the relevant statutory factors are considered.[6]  *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007).

BOP policy permits a *nunc pro tunc* designation of a state prison as the place of federal confinement, which can have the practical effect of making a federal sentence concurrent with a state sentence, so that "the clock would start to tick on the federal sentence" before the prisoner arrives at a federal institution.  *Id.*  This can apply to state

---

[6]Section 3621(b) lists the following factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the federal offense; (3) the prisoner's history and characteristics; (4) any statement by the court that imposed the federal sentence concerning the purposes for which the sentence was determined to be warranted, or recommending a type of correctional facility; and (5) any pertinent policy statement issued by the United States Sentencing Commission.

sentences which were in existence at the time the federal sentence was imposed, as well as to state sentences received after the federal sentence. *Id.* at 1103-04. Under BOP policy, a *nunc pro tunc* designation of a state institution as the place to serve a federal sentence "shall be made only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." *Id.* at 1104-05; *see* BOP Program Statement 5160.05(3)(a).[7]

The BOP is also responsible for computing whether credit should be given for time spent in custody before commencement of the federal sentence. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). Under the governing statute, a defendant can receive credit on a federal sentence only for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). The Supreme Court, Congress and BOP policy have made it clear that the statute prohibits a defendant from receiving "a double credit for his detention time." *Wilson*, 503 U.S. at 337; BOP Program Statement 5880.28, at 1-14 (Ray Decl. att. 8 [doc. 4-1, at 26]). *See also Gurski v. Outlaw*, 358 F. App'x 770, 770 (8th Cir. 2010) (unpub.) (BOP properly denied credit on federal sentence for time served on inmate's state sentence); *Potwin v. Sanders*, 231 F. App'x 538, 539 (8th Cir. 2007) (unpub.) (federal inmate not entitled to credit where "time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

---

[7]Available at www.bop.gov.

Here, Petitioner's federal sentence was imposed in December 1993, while he was in Tennessee state prison serving his Shelby County parole-violation sentence.[8]  After the federal proceedings, he remained in state prison serving the Shelby County sentence, followed by later imposed state sentences from Tipton County.   On August 13, 2007, he was paroled from his state sentences to USMS custody.   This is the date the BOP computed his federal sentence as commencing.   The BOP gave him no credit on his federal sentence for any time served in state prison, and it also found that his case was not appropriate for a *nunc pro tunc* designation.  (*See* Pet'r Ex. Q [doc. 1, at 80].)

In reviewing the BOP's decision that *nunc pro tunc* designation was not appropriate, this Court's scope of review is limited to determining if the BOP abused its "substantial discretion under 18 U.S.C. § 3621," and "substantial deference" must be afforded to the BOP's decision.  *Fegans*, 506 F.3d at 1105.

The BOP responded to Petitioner's inquiry about his sentence by contacting the federal sentencing court, asking its position "with respect to a retroactive designation."  The assigned judge, in turn, requested that the chief probation officer carefully examine Petitioner's file.  After reviewing the officer's report, the judge informed the BOP that the federal judgment "clearly shows" that Petitioner's federal sentence was to run consecutively to the undischarged Shelby County sentence but was silent regarding any other state sentences.  The court stated, "It is the court's determination that a 'silent' judgment means a consecutive sentence and there is no reason to offer unusual relief in this case.  The

---

[8]His status as a state prisoner was not altered when the state temporarily "loaned" him to federal authorities for the federal court proceedings pursuant to a writ of habeas corpus *ad prosequendum.  See United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005); *Munz v. Michael*, 28 F.3d 795, 798 & n.3 (8th Cir. 1994).

court does not endorse a concurrent sentence in this matter." (Ray Decl., att. 9 [doc. 4-1, at 28-29].)  *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")

The BOP's final administrative decision on the issue (Pet'r Ex. Q [doc. 1, at 80]) states that Petitioner's appeal was reviewed in accordance with the § 3621(b) factors regarding designation of facilities.  The decision states, specifically, that the BOP had reviewed Petitioner's current offense (felon in possession of a firearm), his criminal history (including aggravated kidnapping, aggravated robbery, escape, burglary, stolen property and resisting arrest), and the federal sentencing court's recommendation against concurrent sentences.  The BOP also expressly considered the fact that the state court had ordered the Tipton County sentence to run concurrently with any federal time, but correctly stated that the BOP was under no obligation to honor the state court's order, particularly when the federal sentencing court had indicated that the federal sentence should not be served concurrently.  It is well-settled that a state court's intent regarding concurrency is not binding regarding a federal sentence and that any expression of intent "raises the defendant's expectations but does not resolve the issue."  *Fegans*, 506 F.3d at 1104.

This record shows that the BOP considered the relevant factors, acted in accordance with its policy and the governing statutes, and did not abuse its substantial discretion in determining that *nunc pro tunc* designation was not appropriate for Petitioner.

Nor did the BOP abuse its discretion in declining to award credit on Petitioner's federal sentence for any period served in state custody.  In addressing Petitioner's administrative requests, the BOP contacted the Tennessee Department of Corrections and verified that he received credit toward his state sentence for the period from the date of his

Case 2:10-cv-00166-SWW   Document 8   Filed 01/21/11   Page 12 of 13

arrest (January 12, 1993) through the date he was paroled from his state sentences to USMS custody (August 13, 2007).  (Pet'r Ex. Q [doc. 1, at 78].)   The custodial period in question was thus credited to his state sentence and, as stated, may not be double counted.  The BOP properly denied him additional credit on his federal sentence.

Petitioner argues that "[a]s a matter of law, all terms of imprisonment must be served in the order of the judgments," and that the State of Tennessee was not authorized to "skip over" the federal sentence and make him start serving the Tipton County sentence immediately after the Shelby County sentence (doc. 1, at 11, 13; doc. 7, at 4, 7).  In an unpublished decision, *United States v. Martinez*, 319 F. App'x 805 (11th Cir. 2009), the Eleventh Circuit held that a similar argument from a federal prisoner was foreclosed by earlier precedents:

> [A] state may require a defendant to complete all state sentences before transferring him to federal custody.  The state has the authority to require the defendant to complete even those sentences imposed after sentencing by the federal court and not mentioned in the federal sentencing order.  Extended custody by the state does not affect and may not be credited against the length of the defendant's federal sentence.  A person who has violated the criminal statutes of both Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.

*Id.* at 807-08 (citations and internal quotation marks omitted); *see also Disiere v. Dretke*, No. Civ.A. 504CV086-C, 2004 WL 962831, *2 (N.D. Tex. Apr. 27, 2004) (rejecting federal prisoner's § 2241 claim that he improperly was being made to serve a state prison term before his federal sentence, even though the federal sentence had been ordered to be served upon completion of an earlier state sentence).

III.

Petitioner's challenge to Respondent's computation of his federal sentence is without merit.  Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1) should be **denied, dismissing this action in its entirety with prejudice.**

DATED this 21st day of January, 2011.


_____
UNITED STATES MAGISTRATE JUDGE